# NOTES OF CASES DECIDED

IN THE

# COURT OF APPEALS,

DECEMBER 31, 1853.

AMORY and others *against* LORD.

*Will; construction and validity.*

JAMES AMORY, of the city of New York, died in 1835, leaving a will, by the terms of which he devised all his real estate to trustees "for the purposes of his will." Power was given to the trustees to lease the estate, from time to time, for a term not exceeding ten years, to erect buildings, and to sell so much only of the same as might be necessary to pay taxes, assessments and liens; and they were directed to pay over the income of the estate to the widow of the testator, so long as she should remain his widow; and after her death or marriage, the estate was to be divided into as many shares as there should be children of the testator surviving him, or who should have died, leaving issue surviving him, the income of one share to be paid over by the trustees to

each surviving child during his or her life, and afterwards to his or her husband, so long as such wife or husband should not marry again; and after the determination of the interest of such wife or husband, then the share was given to the children of such child absolutely in fee, if such child should have any; if not, then to the right heirs of the testator in fee. The share of the issue of any child who should have died in the lifetime of the testator, was given in fee to such issue. The testator left surviving him a widow and seven children.

*Held*, that the entire disposition of the lands by the will was void, by reason of its suspending the absolute power of alienation beyond the period of two lives in being at the death of the testator. That the absolute power of alienation was suspended, within the meaning of the statute, notwithstanding the qualified power of sale given to the trustees. The fact that the widow, who was one of the trustees, was also the beneficiary during her widowhood, did not prevent the suspension of the power of alienation during the continuance of her interest. That the widow and the children of the testator, and their surviving wives and husbands, were not, by the will, to take successive legal estates, in which case the two first would be valid, and the third void, but mere equities, all dependent upon the trust, which being void, the equitable interests all failed.

(S. C., 9 N. Y. 403.)